EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Carlos E. Crespo Pendás
(TS-11,356) | 2022 TSPR 96

209 DPR _____ |
|---|---|

Número del Caso: AB-2018-274


Fecha: 29 de junio de 2022


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Oficina del Procurador General:

      Lcdo. Isaías Sánchez Báez
      Procurador General

      Lcda. Lorena Cortés Rivera
      Subprocuradora General

      Lcda. Yaizamarie Lugo Fontánez
      Procuradora General Auxiliar

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar


Abogado del promovido:

      Por derecho propio


Materia: Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía y la notaría por el término de seis (6) meses por infracción al Art. 2 de la Ley Notarial de Puerto Rico, la Regla 67 del Reglamento Notarial y el Canon 35 del Código de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Carlos E. Crespo Pendás
     (TS-11,356)         AB-2018-0274

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de junio de 2022.

Una vez más tenemos la obligación de disciplinar a un abogado-notario por conducta reñida con los cánones de ética y en contravención a la Ley y el Reglamento Notarial. En específico, lo disciplinamos por infracción del Art. 2 de la Ley Notarial de Puerto Rico, <u>infra</u>, la Regla 67 del Reglamento Notarial, <u>infra</u>, y el Canon 35 del Código de Ética Profesional, <u>infra</u>.

I

El licenciado Crespo Pendás fue admitido al ejercicio de la abogacía el 17 de enero de 1996 y prestó juramento de notario el 1 de febrero de 1996.

El 16 de noviembre de 2018, el Lcdo. Víctor A. Vélez Cardona, en representación de las señoras Margarita y Emma y el Sr. Angel L., todos de apellidos Varela Rodríguez y las señoras Ermelinda y Diana Varela Guardarrama, presentaron una queja en contra del licenciado Crespo Pendás.

En esencia, alegaron que, el 31 de agosto de 2002, el licenciado Crespo Pendás autenticó como notario un contrato privado de cesión de cuota de leche entre el Sr. Carlos Varela Casablanca y el Sr. Ramón Varela Martínez, en una fecha en la que este último ya había fallecido.

El 9 de enero de 2019, el licenciado Crespo Pendás presentó su contestación. Indicó que al momento de la autorización del contrato de cesión de cuota de leche cumplió con todas las exigencias para la identificación que establece la Ley y el Reglamento Notarial, al conocer personalmente al señor Varela Casablanca, quien identificó al Sr. Varela Martínez.

El 14 de marzo de 2022 recibimos el Informe del Procurador General. En este se indica que el licenciado Crespo Pendás identificó al señor Varela Martínez en el testimonio de legitimación de firmas 4,207 del contrato privado de Transferencia de Cuota de la manera siguiente: "Jurado y suscrito ante mí por Ramón Varela Martínez y Carlos Varela Casablanca de las circunstancias personales antes expresadas y **a quienes DOY FE de conocer**

**personalmente**". (Énfasis suplido). Por su parte, en el Registro de Testimonios indicó lo siguiente: "Doy fe de conocer personalmente a Varela Casablanca **quien identifica a Varela Martínez**". (Énfasis suplido). No obstante, según consta en la certificación de defunción del señor Varela Martínez, este falleció el 28 de agosto de 2002, tres días antes del otorgamiento.

Por otro lado, en el Informe del Procurador General se indicó que el licenciado Crespo Pendás no rebatió la alegación de que el señor Varela Martínez no pudo haber firmado el mencionado documento porque había fallecido tres días antes de su otorgamiento. Además, señaló que de la prueba no controvertida surge una incongruencia en la manera de identificación del señor Varela Martínez en el testimonio de legitimación de firmas 4,207 y en la información que obra en el Registro de Testimonios, por lo que el licenciado Crespo Pendás dio fe falsamente de una de las maneras de identificación en una de estas dos instancias. Por tanto, el Informe concluye que, el licenciado Crepo Pendás violó el Art. 2 de la Ley Notarial, infra y la Regla 67 del Reglamento Notarial, infra, cuando dio fe falsamente de que conocía personalmente al señor Varela Martínez en el testimonio de legitimación de firmas, debido a que este último no podía firmar en la fecha en que el licenciado dio fe de ello, porque había fallecido tres días antes. Igualmente, concluye que el licenciado no actuó con sinceridad y honradez al otorgar un documento notarial, en el que dio fe de conocer

personalmente a ambos firmantes, cuando uno de los otorgantes había fallecido.

II

A.

El Art. 2 de la Ley Notarial dispone que "[e]l notario es el profesional del Derecho que ejerce una función pública, autorizado para dar fe y autenticidad conforme a las leyes de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen". 4 LPRA sec. 2002. En cuanto a la fe pública del notario, el referido artículo expresa que "es plena respecto a los hechos que, en el ejercicio de su función personalmente ejecute o compruebe y también respecto a la forma, lugar, día y hora del otorgamiento". Íd. De esa manera, la fe pública conlleva un ejercicio pleno del notario respecto a lo que este presencie. In re González Pérez, 2022 TSPR 9, 208 DPR __ (2022). Véase también, In re Peña Osorio, 202 DPR 779, 788 (2019). La función del notario fedante es tan importante que hemos expresado reiteradamente que no es necesario que el notario falte a la verdad intencionalmente para que incurra en una violación. In re González Pérez, supra. Véase también, In re Vázquez Pardo, 185 DPR 1031, 1041 (2012).

Por su parte, la Regla 67 del Reglamento Notarial, 4 LPRA Ap. XXIV, R. 67, reglamenta lo concerniente al testimonio de legitimación de firmas. Dispone que mediante este se acredita el hecho de que en determinada fecha se ha estampado una firma en presencia del notario por la persona

que es quien dice ser. Íd. Igualmente, como surge de la referida regla, lo anterior conlleva que el notario haga constar en el testimonio, y en el Registro de Testimonios, su conocimiento personal del firmante o, en su defecto, que utilizó medios supletorios para su identificación. Íd. Véanse también, In re González Pérez, supra; In re Villalona Viera, 206 DPR 260, 372 (2021); In re Llanis Menéndez I, 175 DPR 22, 26 (2008).

### B.

El Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 35, exige que los miembros de la profesión legal se conduzcan con honradez y sinceridad, y que se ajusten a la sinceridad de los hechos al examinar los testigos y al redactar afidávits u otros documentos. Consistente con lo anterior hemos expresado que un notario "no puede suscribir hechos inconsistentes con la realidad". In re Pagán Díaz, 198 DPR 398, 407-08 (2017). Igualmente, hemos expresado que "[s]e falta a la verdad cuando un notario o una notaria asevera que una parte compareció ante él o ella y ello es totalmente falso". In re González Pérez, supra.

Estos postulados tienen su razón de ser en la confianza que deposita la sociedad en el abogado-notario, debido que este tiene un impacto significativo en la representación de la voluntad de las personas. In re Peña Osorio, supra, págs. 788-789. Esta confianza es inherente a la fe pública que es depositada en el notario. Íd., pág. 788.

III

Luego de que este Tribunal recibiera el Informe del Procurador General, le concedimos término al licenciado Crespo Pendás para que se expresara sobre el referido Informe. En su comparecencia, nuevamente sostuvo su postura de que cumplió con la Ley Notarial, al conocer personalmente al señor Varela Casablanca, quien identificó al señor Varela Martínez. Por tanto, entiende que cumplió con el medio supletorio dispuesto en el Art. 17(b) de la Ley Notarial, 4 LPRA sec. 2035. Es decir, entienden que cumplió con la identificación de una de las partes contratantes por la otra, siempre que de esta última el notario dé fe de conocimiento.

No empece los argumentos del licenciado Crespo Pendás, sus actuaciones representan una violación de la fe pública depositada en él, de la reglamentación notarial y una falta de la sinceridad y honradez con la que se debe desempeñar un miembro de la profesión legal.

No hay controversia en que el señor Varela Martínez había fallecido para la fecha del otorgamiento del contrato privado de Transferencia de Cuota. Tampoco existe controversia de que en el testimonio de legitimación de firmas del referido contrato el licenciado Crespo Pendás dio fe de conocer personalmente a una persona que a la fecha no pudo haber estampado su firma en el contrato debido a que había fallecido en una fecha anterior. Si bien es cierto que se puede dar el caso de que se desconozca el fallecimiento de una persona que no es conocida, no puede ser cierto que

se conozca personalmente a una persona que ha fallecido y aún así se de fe de que esta estampó una firma en una fecha posterior a su muerte. Ante este cuadro fáctico no controvertido resulta obvio que el licenciado violó lo dispuesto en la Ley y el Reglamento Notarial, y el Código de Ética Profesional.

No obstante, el licenciado Crespo Pendás nos viene a convidar a que no tomemos por buena su dación de fe en la legitimación de firmas, mas que tomemos por buena su dación de fe en el Registro de Testimonios, en el que consta que identificó al señor Varela Martínez por medio del otorgante Varela Casablanca al que conocía personalmente. Sin embargo, aunque así haya ocurrido, la incongruencia misma en la manera en que identificó al señor Varela Martínez representa una violación de la fe pública depositada en él como notario. A su vez, denota una falta de sinceridad y honradez.

En resumidas cuentas, el hecho de que el notario hizo constar en el Registro de Testimonios que identificó supletoriamente al señor Varela Martínez no subsana el hecho de que hizo constar en el testimonio de legitimación de firmas que lo identificó mediante conocimiento personal. Al así actuar, el licenciado Crespo Pendás violó el Art. 2 de la Ley Notarial, _supra_, la Regla 67 del Reglamento Notarial, _supra_, y el Canon 35 del Código de Ética Profesional, _supra_.

En vista de lo anterior, decretamos la suspensión inmediata del licenciado Crespo Pendás al ejercicio de la abogacía y la notaría por el término de seis meses. Como

consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no prestados. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente. El Algualcil de este Tribunal deberá incautar la obra y el sello notarial del señor Crespo Pendás y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Crespo Pendás a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Carlos E. Crespo Pendás
    (TS-11,356)          AB-2018-0274


SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2022.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata del licenciado Crespo Pendás al ejercicio de la abogacía y la notaría por el término de seis meses. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no prestados. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a

los actos realizados durante el periodo en que estuvo vigente. El Algualcil de este Tribunal deberá incautar la obra y el sello notarial del señor Crespo Pendás y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Crespo Pendás a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo